UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **20 Cr. 51 (PAC)** |
| Lian Qiu,<br>    a/k/a "Wei Qiu,"<br>    a/k/a "Chen Yang," | |
| *Defendant.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

1. **Confidential Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal case.  Certain of that discovery may include material that (i) affects the privacy and confidentiality of individuals; (ii) would prejudice, if prematurely disclosed, ongoing law enforcement investigations; and (iii) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.  Discovery materials produced by the Government to the defendant or defense counsel that include a Bates or other label stating "Confidential" shall be deemed "Confidential Material."

2. **Sensitive Material.** Certain of the Government's disclosure material, referred to herein as "Sensitive Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm

absent the protective considerations set forth herein. Discovery materials produced by the Government to the defendant or defense counsel that include a Bates or other label stating "Sensitive," shall be deemed "Sensitive Material."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. Confidential Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Confidential Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material to the media or any third party except as set forth below.

4. Confidential Material may be disclosed by counsel to:

    (a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, including unpaid consultants, as needed for purposes of defending this action;

    (b) Prospective witnesses for purposes of defending this action.

5. The Government may authorize, in writing, disclosure of Confidential Material beyond that otherwise permitted by this Order without further Order of this Court.

6. This Order does not prevent the disclosure of any Confidential Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

7. Sensitive Material may be disclosed only to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, including unpaid consultants, and the defendant, subject to the following limitations:

    a. The defendant may review sensitive disclosure material only in the presence of counsel or any other person authorized to receive sensitive disclosure material;

    b. The defendant may not copy or otherwise record sensitive disclosure material; and

    c. The defendant may not keep sensitive disclosure material or a copy of such material outside the presence of counsel, including in any prison facility;

    d. Notwithstanding the above, the defendant may review and keep sensitive disclosure material outside of the presence of counsel, including in a prison facility, if doing so upon order of the Court.

8. Except for Confidential or Sensitive Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Confidential and Sensitive Material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, or the expiration of the period in which habeas relief and be sought. whichever date is later. This requirement does not apply to material disclosed pursuant to the Government's obligation under rule 5(f) of the Federal Rules of Criminal Procedure.

9. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Confidential or Sensitive Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Confidential Material has been disclosed to which such persons.

10. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

[REMAINDER INTENTIONALLY LEFT BLANK]

Case 1:20-cr-00055-PAC Document 331 Filed 01/20/21 Page 4 of 5

**Retention of Jurisdiction**

8. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____  Date: __January 11, 2021_____
Micah F. Fergenson
Assistant United States Attorney

_____  Date: __1.14.2021_____
Jeffrey Pittell
Counsel for Lian Qiu

SO ORDERED:

Dated: New York, New York
       January  20 , 2021

_____
THE HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

5